PER CURIAM
*122 Appellant, who is alleged to be a person with an intellectual or a developmental disability, seeks reversal of a judgment committing him to the custody of the Department of Human Services for a period not to exceed one year, ORS 427.290. He contends that the trial court plainly erred by failing to advise him of all of his rights under ORS 427.265(1), namely that the trial court failed to advise him that he had a right to subpoena witnesses. State v. M. L. S. , 288 Or. App. 117, 118, 404 P.3d 1145 (2017) (holding that "failure to provide all the information required by [ ORS 427.265(1) ] constitutes an egregious error that justifies plain error review" (internal quotation marks omitted)). The state concedes that the error was plain and also comments that, although the court "alluded to the fact that appellant's attorney might offer witnesses on appellant's behalf," the court did not "explicitly explain that appellant had a right to subpoena witnesses."
We agree and accept the state's concession. Further, we conclude that it is appropriate to exercise our discretion to correct the trial court's error. See M. L.S. , 288 Or. App. at 119, 404 P.3d 1145 ("[I]n view of the nature of the proceeding, the relative interests of the parties in the proceeding, the gravity of the violation, and the ends of justice, *** it is appropriate to exercise our discretion to correct the trial court's error.").
Reversed.